UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 20-36-DLB

RUBEN RIOS SALINAS   PETITIONER

v.   **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY   RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Ruben Rios Salinas is an inmate confined at the Kentucky State Penitentiary in Eddyville, Kentucky.[1] Salinas is currently serving a life sentence for first-degree manslaughter with a second-degree persistent felony offender enhancement based on a September 12, 2005 conviction in Fayette County, Kentucky.[2] *See Commonwealth v. Salinas*, No. 98-CR-1270 and No. 03-CR-1296 (Fayette Cir. Ct.).

---

[1] *See* Kentucky's Online Offender Lookup database, available at http://kool.corrections.ky.gov (last accessed on February 5, 2020).

[2] Salinas was originally convicted of murder and kidnapping, although the Kentucky Supreme Court reversed his conviction and remanded for a new trial based upon the admission of improper hearsay evidence and an improper jury instruction. *Salinas v. Commonwealth*, 84 S.W.3d 913 (Ky. 2002). On retrial, Salinas was convicted of first-degree manslaughter, attempted theft by extortion, and being a persistent felony offender in the second degree and again sentenced to life imprisonment. Although Salinas appealed, his convictions were affirmed by the Kentucky Supreme Court. *Salinas v. Commonwealth*, No. 2005-SC-000782-MR, 2008 WL 2167065, at \*5 (Ky. May 22, 2008). To put it mildly, Salinas criminal case has had a long history, involving multiple appeals, motions to vacate, and habeas petitions. Although the Court need not re-hash that history here—except to note that his conviction has long been final—for a full synopsis of Salinas's criminal case, see the Report and Recommendation of United States Magistrate Judge Candace J. Smith denying Salinas's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. *Salinas v. Hart*, No. CV 15-167-HRW-CJS, 2019 WL 4794743, at \*1 (E.D. Ky. July 8, 2019), *report and recommendation adopted sub nom. Salinas v. White*, No. CV 15-167-HRW, 2019 WL 4784605 (E.D. Ky. Sept. 30, 2019), *appeal docketed*, No. 19-6236 (6th Cir. Oct. 30, 2019).

Proceeding without an attorney, Salinas has filed a "Petition for Transfer Pursuant to 28 U.S.C. § 1443 and 1331," in which he seeks to remove *Commonwealth v. Salinas*, No. 98-CR-1270 and No. 03-CR-1296 (Fayette Cir. Ct.) from the Fayette County Circuit Court to the United States District Court in the Eastern District of Kentucky. (Doc. #1) Salinas indicates that his request is "pursuant to 28 U.S.C. § 1331 a federal question concerning The Treaty of Guadalupe Hidalgo of 1848 and 28 U.S.C. § 1443 a civil rights matter affecting the U.S. Constitution." (Doc. # 1 at 1). According to Salinas, the grounds of his petition "are from the ethnic and racial evidence that tainted the jury. The reliability and fairness of the trial were undermined . . . [and] [t]he taint that occurred is prohibited by the U.S. Constitution conjunctively with the Treaty of Guadalupe Hidalgo. A charge of an interracial violent crime factors into the upcoming court hearing(s)." *Id*. at 1–2. He further states that removal "may help impede the perception that he is an 'outsider' and an 'interloper.'" *Id*. at 2.

Federal law permits a defendant in a state criminal proceeding to remove the case to federal court, but only under very limited circumstances. Specifically, 28 U.S.C. § 1443 permits the removal of a state criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. However, neither provision permits removal here.

The Supreme Court long ago determined that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them

in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Because Salinas is neither a federal officer, nor is a he a person authorized to assist federal officials in executing their duties related to the enforcement of a law providing for equal civil rights, this subsection does not provide a basis for removal. *Id.; see also Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979).

Nor is removal proper under § 1443(1). To be entitled to removal under § 1443(1), a defendant must meet both requirements of that subsection: "[t]hey must show both that the right upon which they rely is a 'right under any law providing for equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of [the state]." *State of Ga. v. Rachel*, 384 U.S. 780, 788 (1966). The Supreme Court has instructed that "the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for the specific civil rights stated in terms of racial equality." *Id*. at 792. Thus, in *Rachel*, the Supreme Court held that the "broad contentions" made by the criminal defendants seeking removal "under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Id*. The Court further explained that "[w]hen the removal statute speaks of 'any law providing for equal rights,' it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of

3

bestowing them upon all." *Id*. (quoting *People of State of N.Y. v. Galamison*, 342 F.2d 255, 269, 271 (2d Cir. 1965)). Thus, "[m]ore general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014). Rather, the Supreme Court explained that it "seems clear that…Congress intended in that phrase [any law providing for equal civil rights] only to include laws comparable in nature to the Civil Rights Act of 1866." *Rachel*, 384 U.S. at 790. *See also Tenn. Dep't of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015).

Here, Salinas broadly alleges that "ethinic and racial evidence" tainted the jury in violation of the Treaty of Guadalupe Hidalgo. However, the Treaty of Guadalupe Hidalgo, an 1848 treaty between the United States and Mexico ending the Mexican-American War, is a treaty pursuant to which Mexico ceded land (including all or parts of the present-day states of Arizona, California, Colorado, Nevada, New Mexico, Utah, and Wyoming, as well as giving up claims to Texas) to the United States in exchange for 15 million dollars and an agreement to settle all claims of United States Citizens against Mexico. *See Treaty of Peace, Friendship, Limits, & Settlement with the Republic of Mexico*, 9 Stat 922 (July 4, 1848). It does not provide for equal civil rights, nor is it comparable in nature to the Civil Rights Act of 1866. Thus, Salinas' reliance on the Treaty of Guadalupe of Hidalgo is unavailing.

Even if Salinas had specifically alleged that he had been denied a right guaranteed to him pursuant to a federal law providing for equal civil rights, his petition still fails to justify removal. As the Supreme Court has explained:

> The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on

4

> trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 828. For this reason, a petitioner must not only assert that the state court will not enforce a federal right, "that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice." *Hawaii v. Macomber*, 40 F. App'x 499, 500 (9th Cir. 2002) (quoting *California v. Sandoval*, 434 F. 2d 635, 636 (9th Cir. 1971) (*per curiam*)). Salinas points to no such state statute or constitutional provision here.

Finally, Salinas's petition for removal is untimely. While § 1443 provides the substantive right of removal, the procedural requirements for removal are found in 28 U.S.C. § 1455. Section 1455(b)(1) requires a notice of removal of a criminal prosecution to be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except for good cause shown." 28 U.S.C. § 1455(b)(1). Salinas's attempt at removal—over 10 years after his conviction was affirmed on appeal—simply comes far too late. *See Hawaii v. Thronas-Kahoonei*, No. CV 19-00683-JAO-KJM, 2020 WL 118251, at *2 (D. Haw. Jan. 10, 2020) ("Even if [the petitioner] was authorized to remove his underlying criminal prosecution, he would be time-barred, as judgment entered in the criminal prosecution and the matter is on appeal."). Salinas makes no effort to show good cause for granting him leave to file a late notice, nor could he, as his criminal conviction has long been final.

5

Where it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," the district court should summarily remand the action. 28 U.S.C. § 1455(b)(4). For all the reasons set forth above, it is readily apparent that removal is inappropriate here.

Accordingly, **IT IS ORDERED** that:

(1) Salinas's "Petition for Transfer Pursuant to 28 U.S.C. § 1443 and 1331" (Doc. # 1) is **DENIED;**

(2) This action is **REMANDED** to Fayette County, Kentucky Circuit Court;

(3) The Clerk of Court shall **FORWARD** a certified copy of this Memorandum Opinion and Order to the Clerk of the Circuit Court of Fayette County, Kentucky, referencing *Commonwealth v. Salinas*, No. 98-CR-1270 and No. 03-CR-1296 (Fayette Cir. Ct.);

(4) The Fayette Circuit Court may proceed with these actions without further delay; and

(5) This matter is **DISMISSED** and **STRICKEN** from the docket of the Court.

This 7th day of February, 2020.

Signed By:
*David L. Bunning* DB
United States District Judge